## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SIR TIWAZ
        Plaintiff,

v.

ADRIENNE M. HANNA, *et al.*,

        Defendants.

)
)
)
)
)
)
)
)
)

Civil Action No. 24-235-GBW-SRF

### MEMORANDUM ORDER

At Wilmington this **24th** day of **April, 2026**, the court having considered the parties' motion and associated filings (D.I. 32; D.I. 40; D.I. 41; D.I. 42; D.I. 43), IT IS ORDERED that:

1. ***Plaintiff's Motion to Appoint Counsel is DENIED without prejudice to renew.*** ***(D.I. 32, D.I. 40)***   Plaintiff moves for appointment of counsel on the basis that they are unable to comply with Defendants' discovery requests as all information and documents, "are already in their possession, were provided during the initial filing of the Plaintiff's Complaint, and/or were deliberately destroyed or so called lost by them or their partners by order." (D.I. 40 at 1)

A *pro se* plaintiff in a civil action has no constitutional or statutory right to counsel. *See Parham v. Johnson,* 126 F.3d 454, 456 (3d Cir. 1997); *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993). The Court can determine, in its discretion, whether the appointment of counsel is warranted based on the factors presented in that particular case, including: (1) the plaintiff's ability to present the case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require expert testimony. *Tabron,* 6 F.3d at 155 56. The list is not exhaustive, and no single factor is determinative. *Id.* at 157. Plaintiff has

1

demonstrated sufficient ability to articulate their claims, having filed thirty-two (32) other proceedings, as linked on the docket for the instant case. Plaintiff's ability to represent themself at later stages of the case can be taken up at that time.

2. ***Plaintiff's Motion to Stay (D.I. 40 at 2) is DENIED.*** The decision whether to grant a motion to stay is discretionary. *See Villesca v. XTO Energy, Inc.*, C.A. No. 21-1725-GBW, 2022 WL 4311239, at \*1 (D. Del. Sept. 19, 2022) (citing *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990)). The factors guiding the court's exercise of its discretion include: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *Id.* (citing *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at \*2 (D. Del. Feb. 17, 2021)). Plaintiff's requests to stay the case is tied to their request for appointment of counsel. (D.I. 40 at 2) Therefore, Plaintiff has not demonstrated good cause to stay the proceedings.

3. ***Plaintiff's Motion for an Extension of Time to respond to Discovery Request is GRANTED. (D.I. 40)*** Plaintiff requests an extension of time to respond to Defendants' Interrogatories and Requests for Production. (D.I. 40; D.I. 37; D.I. 38) Defendants do not object to this request. (D.I. 42 at ¶7) Therefore, Plaintiff's request for an extension is **GRANTED**. Discovery shall be completed on or before June 8, 2026, in accordance with the operative scheduling order. (D.I. 30 at ¶2) Therefore, **On or before May 26, 2026**, Plaintiff shall respond to Defendants' instant discovery requests, (D.I. 37; D.I. 38) including the production of responsive documents to the extent available. Plaintiff is "not required to produce documents or information that they do not have or which are not within their control." *Thomas v. Rite Aid*

2

*Corp.*, No. CIV.A. 93-1800, 1994 WL 597708, at *6 (E.D. Pa. Nov. 1, 1994), *aff'd,* 68 F.3d 457 (3d Cir. 1995).

### 4. Plaintiff's Motion for Document Production is DENIED without prejudice. (D.I. 41)

Plaintiff asks in a letter to the court that the court compel "copies of all filings made with the Federal Court pursuant/relevant to this case and stay the proceedings or complete access to DACX, training on the system, access to DDOC email system…" *Id.* at 2-3

Discovery is the process by which the parties request information from each other regarding their claims or defenses. Discovery requests are not made to the court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff may make a request in writing for answers to questions and production of documents, and serve the request on Defendant's attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests within thirty (30) days. Since June 8, 2026, is the deadline for *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Plaintiff should always keep a copy of all requests and responses sent to defendants; plaintiff should never send an original document, only a copy. Under Fed. R. Civ. P 5(d) discovery materials should not be filed with the court "until they are used in the proceeding or the court orders filing."

Before requesting the court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. *See* Fed. R. Civ. P. 26(c); D. Del. LR 5.4. For example, if Plaintiff has requested materials and Defendants have not responded within thirty (30) days, Plaintiff must make a good faith effort to resolve the issue with Defendants' counsel before seeking court intervention.

**5. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

1.  Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice to renew. (D.I.32, D.I. 40)

2.  Plaintiff's Motion to Stay is **DENIED**.  (D.I. 40, D.I. 41)

3.  Plaintiff's Motion for an Extension of Time to Respond to Discovery Request  (D.I. 40, D.I. 41) is **GRANTED**. Plaintiff shall respond to Defendants' discovery requests **on or before May 25, 2026**.

4.  Plaintiff's Motion for Document Production is **DENIED** without prejudice. (D.I. 40, D.I. 41)

6.  The parties may file written objections to this Order within fourteen (14) days after being served with a copy of this Order. *See* Fed R. Civ. P. 72(a); *see also* Fed R. Civ. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to three (3) pages each. The failure of a party to object maty result in the loss of the right to appellate review. *See United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Circ. 1987); *Bello v. United Pan Am. Fin, Copr.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan 23, 2025).

7.  This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

4