## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SIR TIWAZ                           )
          Plaintiff,             )
                           )     Civil Action No. 24-235-GBW-SRF
     v.                        )
                           )
ADRIENNE M. HANNA, *et al.*,    )
                           )
        Defendants.         )

## REPORT AND RECOMMENDATION[1]

At Wilmington this **1st** day of **June, 2026**, the court having considered State Defendants Adrienne M. Hanna, Scott Cerisini, Marvella Wise, Scott Bradley, Michael Maans, Sean Milligan, and Frank Clendening ("State Defendants") motion and associated filings (D.I. 44; D.I. 46; D.I. 47) the court recommends:

***1. State Defendants Motion to Revoke in forma pauperis ("IFP") status be DENIED without prejudice. (D.I. 44)*** State Defendants move to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under ***imminent danger of serious physical injury.***" (emphasis added)). State Defendants' sole argument in their opening brief is that Plaintiff has filed three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim.

---

[1] On March 13, 2026, the instant case was referred to the undersigned Magistrate to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions, subject to 28 U.S.C. § 636(b). (D.I. 39)

(D.I. 44 at 2)  Further, After the complaint was filed Plaintiff was transferred out of Sussex Correctional Institution where the alleged events occurred, therefore, Plaintiff cannot plead under the imminent danger exception as they are no longer in danger.  (*Id.*)

However, the Third Circuit has made a clear ruling that the imminent danger exception is applicable as long as the danger existed at the time the complaint was filed.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001).  State Defendants do not address nor plead the relevant standard in their opening brief.

In their reply brief, State Defendants correctly assert the applicable standard and present new arguments that the complaint failed to plead facts showing Plaintiff was in imminent danger at the time of filing. (D.I. 44 at 1-3)  State Defendants' decision to reserve these arguments for their reply brief deprived Plaintiff of the opportunity to respond to it.  The law in this district is clear that arguments raised for the first time in a reply brief are improper and will not be considered. D. Del LR 7.1.3(c)(2); *see In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023) ("Arguments raised for the first time before a district court in a reply brief are deemed forfeited.")

**2. Conclusion.** For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.      The Report and Recommendation issued on June __, 2026 is **ADOPTED**.

2.      Defendants' Motion to Revoke Plaintiff's IFP Status (D.I. 44) is **DENIED without prejudice.**

2

3.      This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may file written objections to this Order

within fourteen (14) days after being served with a copy of this Order. *See* Fed R. Civ. P. 72(b).

Any responses to the objections shall be filed fourteen (14) days after the objections. Objections

and responses are limited to three (3) pages each. The failure of a party to object to legal

conclusions may result in the loss of the right to *de novo* review in the district court. *See*

*Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F.

App'x 924, 925 n.1 (3d Cir. 2006).

4.      The parties are directed to the court's Standing Order for Objections Filed Under

Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

3